In re. Meinhardt Iturbe, Edgar Augusto Meinhardt Iturbe, Appellant in Pro Se, Andrew J. Mays, Counsel for Appalee, Sunny Acre, LLC. Thank you. Mr. Iturbe, would you like to reserve any time for reply? Five minutes. Oh, five minutes? Sure. And then when you settle in, you may approach and begin. Your Honors, may I first thank you for your time given to this case? For me, it's the first time I do an appeal in proper, so I've made some notes to guide myself. I believe, though, that I have placed most of my thoughts on the case in general and on the appeal brief. As completely as possible, I may have missed some arguments that could be raised, but then I'm not an attorney. What I do understand are some of the basic premises. I think that were foreshortened in the bankruptcy case with regards to the motion and with regards to the case as a whole in general. I concentrated my limited research in those issues, which is what I perceived to be the misperceptions by the bankruptcy court, which, to my mind, resulted in the errors that I presented in my brief. As I understand it, at least in the context of a motion for relief from stay, the bankruptcy courts are to be centralized coordinators of actions in different forums as precursors. But in this case, that was not the case. The bankruptcy court disposed of property with the ownership or possession in a debtor state when there existed, in the same bankruptcy case, claims pending against those that sought control of the dispossession of that property, which arose from a prior bankruptcy case in which there remained ancillary jurisdiction, given that it was a reason from the 362 stay in the prior case violations. And the jurisdiction of the current case over a number of claims that were then, at the time of the order pending, in adversary proceedings initiated in the same court. And also in other forums that were scheduled and disclosed at the beginning, in which I, as a debtor, as a debtor and plaintiff, I'm still the aggrieved party seeking recovery of the wrongfully liened property. The court disposed of the debtor's state before ruling on any of those issues or even going or mentioning or reviewing any of the issues in other areas of the bankruptcy case itself and any of the other claims that were there, including, for example, the homestead exceptions and so on, when there was over $4 million of equity in the property that had been disposed. It seems to me that in the context of a motion for relief from stay with this rationale as basically a motion to lift an injunction without going to the merits of the claims themselves, there was an inadequate inquiry as to the totality of circumstances, facts, and issues of other cases which went totally unaddressed. And, in fact, up to the point in the motion for relief from stay order, they were not even reviewed or considered at all. But, sir, what's before us is the granting of relief to allow the eviction to occur, right? That's correct. And then, ultimately, that occurred. No stay of the state court proceeding occurred, and the state court entered a judgment for eviction, ultimately. That's correct, yes. Ownership of the property, equity in the property, all those other issues had been resolved years before and are not actually before us today, right? No, that's correct, yes. There is an issue, obviously, that arises from all this as to mootness, whether there is mootness or not on the appeal. Under basically Article III legal mootness, obviously there is no relief that can reverse this possession of the property. But under an equitable relief, there are still many pending causes of actions that go to the property and whether possession of value on it, including any reversal of the dismissal of a bankruptcy case, which is still pending on appeal. In that sense, to my mind, relief, if any, is equitable. As to the opinion whether there was or not error in the decisions, even though the practicalities of relief as to reversing the stay are not possible. However— But that's, I guess, where I'm a little bit confused, and that is no one is suggesting that whatever claims you want to assert are affected by the bankruptcy court's decision to lift the stay. And that's all that you're seeking review of here is the stay relief. That's all you can seek review of because that's the only order that you filed the notice of appeal from. So whatever we decide, equitable bases don't apply to preclude you from proceeding. The question I have is what legal error was made in the court's decision that they had a colorable basis to go forward with the eviction, given that they had already foreclosed the property, transferred it, and had already commenced the eviction action with permission of the court, and that's not before us. Any of all those facts are already established in the record. Yes, that's precisely the issue. There was an adversary proceeding pending in the bankruptcy court to reverse that lien, to avoid that lien or that title sale. But the lien wasn't at issue at this point. It was only the possession of the property. It was because the case started in order to recover the property from the prior bankruptcy violations of 362 actually occurring for foreclosure. But even if that's true, that isn't dependent upon possession. It is not dependent on possession, but given that myself as a party, as a debtor party, I had homestead, I had prepaid leases, I had an option to purchase as well, I had a number of assets, including the claims against the appellees. Weren't all those interests junior to the deed of trust that was foreclosed? No, they were senior to it. All of those were predated the deed of trust and the foreclosure. They were standing for at least six years. Were they recorded? They were recorded, yes. But none of that's in front of us. It doesn't. All that's in front of us is the question of whether stay relief was appropriately granted. That's the only issue we need to determine. And we have to accept it's true that you don't own the property, that the lender has foreclosed and transferred the title of the property, and that you refused to, at least at one point, you refused to be evicted from the property. And so they brought the action to the bankruptcy court because you had a bankruptcy case pending at that time that said they needed stay relief. So they asked the court to grant that, and the court did, and you timely appealed from that determination. But all we're faced with is was there error in the bankruptcy court's decision to allow the eviction to proceed? To my mind, there was, simply because in the consideration of weighing all the factors that are required in Curtis, all of the factors or the majority of them were in favor of not granting the stay, mainly because there were issues undecided as to who owned the property, which were actually before the court pending. Those issues have been decided. They had not been decided because the adversary proceeding went to that precisely for rescission of that loan. If rescission on the TILA was still pending, if a violation of the 362 stay in 2020 had occurred and therefore could not allow the foreclosure sale to proceed, then why should the dispossession continue through an UD without first looking at whether there was any validity on that? Those were not at all touched by the order or the inquiry before the order. And that's because the eviction only affects the possession of the property, not the claims that you're asserting would still exist if you had a basis to pursue them, right? Yes. So all we're looking at is whether the right to proceed with the eviction was wrongfully granted, not whether you have legitimate TILA claims or you have a basis to attack the prior sale or anything else. All we're concerned with is given the record that they had foreclosed and given the record that you were refusing to leave the property and that they had sold the property to a third party, could the bankruptcy court reasonably conclude that there was a basis to allow them to proceed to evict? Yes, but they had not sold the property to a third party. They took it as a credit bid, so they were basically the main party. No, but that is a sale that affected the transfer. Yeah. So that's the same point. That distinction does not – that difference does not have a distinction. The distinction that I believe affects it is that the issues as to whether they had a right to continue with the dispossession were pending before the same bankruptcy court and not at all addressed before the rule. But the bankruptcy court in granting relief from stay didn't preclude your ability to argue that the unlawful detainer was improper. You had a four-day trial on the unlawful detainer after the relief from stay was resolved, and that trial took place. It wasn't stayed, and you lost. Yes, yes.  I want to let you know that you have about three and a half minutes. Do you want to reserve the rest of your time? Yeah, I would rather, yes. Okay. Thank you. Thank you. Good morning, Your Honor. My name is Andrew Mays. I represent the Appalachee Sunnyacre LLC in this appeal. I want to focus the meat of my argument on mootness and as well first address some of the points raised from the bench and also discussed by Mr. Meinhart. Principally, it was a statement from Mr. Meinhart in response to a question from the bench of what more can this court do for Mr. Meinhart in this appeal. It goes to the heart of this court's jurisdiction as an appellate court, and Mr. Meinhart's response was that there is no relief and that it revolves around equitable relief. That equitable relief then, if it were to ever come, would come from Superior Court of Los Angeles in a pending lawsuit that is still ongoing. I think that the mootness issue really, the materials are supplied to the bench in our motion for request for judicial notice, which all occurred after the appeal started, and I'm not going to belabor that. But it really is also, I think, up front acknowledged by the appellant on page one of his opening brief, where he requests that this court review the scope of the order and reverse the order, and this is the key language, before execution of judgment. On September 5th of last year, the execution of judgment happened by the Ventura County Sheriff, thereby really rendering this appeal ineffectual to give Mr. Meinhart any relief. That's constitutional mootness. I'm not going to belabor equitable mootness. The sole point on that is there was never a request from Mr. Meinhart to the bankruptcy appellate panel to stay in enforcement of the relief from stay order. Counsel, just to make sure I understand your argument, that is just, it's moot because he no longer is in possession because you've actually removed him from the property, and that's all that was in front of us, that was in front of the bankruptcy court, was could the state court enter such an order. It has. It's been effected. There's nothing left for us to, if we were to reverse the order, we couldn't put him back in possession after the state court's already removed him. That's correct, Your Honor. That's correct. And it's, I think, betrothed and supported a little bit further of, you know, you just play the scenario out. If the order was reversed, then Judge Clifford in the bankruptcy court goes, I don't know what I can do for you. You're already out. Turning then to, I think, which is kind of the merits of the case, merits of the appeal and the substance of the, whether there is an abuse of discretion, which is the appropriate standard in granting this order for relief, there's no dispute that the court applied the right test. You've got the Curtis factors, and that's adopted by the Ninth Circuit in the Castle Rock case. So there's no dispute there. And I think it came through in appellants, both in his papers and in oral argument here, that what he's asking for is a reweighing of the factors, which is something that this court sitting in the appellate posture does not do on an abuse of discretion standard. One thing not discussed in oral argument, but I think is a significant fact, is the timing of this bankruptcy petition, which happened right before the parties were going to select a jury. In California, an unlawful detainer defendant has a right to a jury trial. There's nothing wrong with that. But I think as Judge Clifford recognized, it's quite uncommon that it takes a plaintiff three years from the inception of an unlawful detainer to reach a trial, to have to go to federal district courts and get orders of remand, to have to go to the bankruptcy court for a motion of relief or stay. That's not all that uncommon. However, when you take it in the context of counsel is ready to pick a jury and we're informed it is something very indicative under the Curtis factors. Probably factor number 12, the harm to the creditor if they can't proceed in the other forum, that weighs quite heavily. I don't think the papers have developed, nor do I think we've heard in oral argument, any abuse of discretion from Judge Clifford. Essentially, the court's not in a position to re-weigh factors or re-weigh evidence. If there are any questions, I'm happy to answer. Otherwise, I'll submit. I don't have any more questions. Thank you very much. Thank you so much. Reply. Just under three and a half minutes left, sir. Yes, I'll probably just point out very briefly. The fact that dispossession occurred, however, is not only a point of error, but when substantive rights are also being disposed by the order or affected by the order rather on the directs. Also, that impinges a more concerned weighing of the different factors, re-weighing of the different factors by the court. That did not occur and should probably be considered in this particular case given that the order was so broad, I mean, without any reference back to the court, which was one of the objections to the form of the order that was not possible to address given the premature entering of the order under the local rules. Given that, it was impossible to limit the effect, for example,  whether those can be stayed or not until everything develops in the rest of the case. Those are basically. Thank you again for your time. Thank you very much. Any other questions? No, not a question. Any questions? Thank you very much. The matter will be deemed submitted. Thank you for your argument.
judges: Spraker, Gan, and Corbit